UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL RECORDS, INC., *et al.*, | No. C-06-7212 JSW (EMC) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION RE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| RODRIGO BARRERA, | |
| Defendant. | **(Docket No. 12)** |

Plaintiffs Capitol Records, Inc., Sony BMG Music Entertainment, Arista Records LLC, BMG music, and Fonovisa, Inc. filed suit against Defendant Rodrigo Barrera for copyright infringement. After entry of default on January 17, 2007, Plaintiffs filed a motion for default judgment. Having considered Plaintiffs' motion, accompanying submissions, and all other evidence of record, the Court hereby recommends that the motion be **GRANTED**.

## I. FACTUAL & PROCEDURAL BACKGROUND

On November 21, 2006, Plaintiffs filed a complaint against Mr. Barrera for copyright infringement. In the complaint, Plaintiffs allege that they are all copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings. *See* Compl. ¶ 11. The copyrighted recordings at issue include the twelve specific recordings listed in Exhibit A of the complaint as well as some unidentified recordings listed in Exhibit B of the complaint. *See id.* & Exs. A-B. Among the exclusive rights granted to each Plaintiff are the exclusive rights to reproduce these copyrighted recordings and to distribute them to the public. *See id.* ¶ 12. According to Plaintiffs, Mr. Barrera violated these rights by using and

continuing to use, without the permission or consent of Plaintiffs, an online media distribution system to download the copyrighted recordings, to distribute them to the public, and/or to make them available for distribution to others. *See id.* ¶ 13. Plaintiffs have submitted a declaration providing details on how Plaintiffs uncovered the copyright violation by Mr. Barrera. More specifically, in August 2005, an investigator for Plaintiffs detected an individual using the KaZaA online media distribution system over a peer-to-peer file sharing network. *See* Kerr Decl. ¶ 3. The individual had 731 music files on his computer and was distributing the files to others. *See id.* Based on the IP address used by the individual, Plaintiffs determined that Mr. Barrera was the copyright violator. *See id.* ¶¶ 3-7. In the prayer for relief, Plaintiffs ask for statutory damages for each infringement of each copyrighted recording, attorney's fees and costs, and an injunction. *See* Compl. ¶¶ 16-17.

Plaintiffs served the summons and complaint on Mr. Barrera on December 6, 2006. *See* Docket Nos. 5, 10; Kerr Decl., Ex. 2. After Mr. Barrera failed to respond to the complaint, Plaintiffs sought entry of default. Default was entered by the Clerk of the Court on January 17, 2007. *See* Docket No. 8. Subsequently, Plaintiffs filed this motion for default judgment.

## II.    DISCUSSION

A.    Service of Process

To grant or deny a default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested." *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001). In this case, Plaintiffs served the summons and complaint on Mr. Barrera by personal delivery. *See* Docket Nos. 5, 10; Kerr Decl., Ex. 2. Service by such means complied with Federal Rule of Civil Procedure 4(e)(2). *See* Fed. R. Civ. P. 4(e)(2) (allowing for service on an individual "by delivering a copy of the summons and of the complaint to the individual personally"). Consequently, the Court concludes that service of process on Mr. Barrera was proper.

B.    Default Judgment and *Eitel* Factors

After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. A default judgment may not be entered, however, against an infant or

incompetent person unless represented in the action by a general guardian or other such representative who has appeared. *See id.* Furthermore, a default judgment may not be entered against an individual in military service until after the court appoints an attorney to represent the defendant. *See* 50 U.S.C. App. § 521. In the instant case, Plaintiffs have provided sufficient evidence demonstrating that Mr. Barrera is not an infant, incompetent person, or a person in military service. *See* Kerr Decl. ¶ 15 & Ex. 2. Accordingly, the Court may consider whether a default judgment may be entered against Mr. Barrera.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations of the plaintiff's complaint will be taken as true, except for those relating to the amount of damages. *See TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

The Court concludes that the *Eitel* factors weigh in favor of granting Plaintiffs default judgment. First, Plaintiffs would be prejudiced if default judgment were not granted because they would be denied the right to judicial resolution of their claims and would likely be without other recourse for recovery. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Furthermore, without entry of default judgment, there could be no injunctive relief and Mr. Barrera's infringements could continue. As discussed below, given the copyrights at issue and alleged violations, Plaintiffs presumptively will suffer irreparable injury if violations by Mr. Barrera are not enjoined.

Second, Plaintiffs have adequately stated a claim for copyright infringement. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003) (noting that the

second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may record"). To establish a prima facie case of direct infringement, a plaintiff must show (1) ownership of the allegedly infringed material and (2) the defendant's violation of at least one exclusive right granted to the copyright holder under 17 U.S.C. § 106. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiffs have satisfied both elements. In their complaint, they allege that they are the copyright owners or licensees of the copyrighted recordings *See* Compl. ¶ 11; *see also* 17 U.S.C. § 201(a), (d)(2) (noting that "[c]opyright in a work protected under this title vests initially in the author or authors of the work" and that "[a]ny of the exclusive rights comprised in a copyright . . . may be transferred . . . and owned separately"). They also allege that, without the permission or consent of Plaintiffs, Mr. Barrera used an online media distribution system to download the recordings and distribute them to the public or make them available for distribution to others. *See* Compl. ¶ 13; *see also* 17 U.S.C. § 106 (noting that the owner of the copyright has the exclusive rights to, *inter alia*, reproduce the copyrighted work and distribute copies of the copyrighted work).

Third, the sum of money at stake in the action is not completely disproportionate or inappropriate. Plaintiffs seek to recover only the minimum amount of statutory damages under 17 U.S.C. § 504(c), plus costs.

Fourth, the possibility of a dispute concerning material facts is unlikely. Mr. Barrera has failed to respond to the complaint and, because default has been entered, all well pled allegations in the complaint, except for those relating to damages, are taken as true.

Fifth, it is also unlikely that Mr. Barrera's default is a result of excusable neglect. Notably, Plaintiffs served not only the complaint on Mr. Barrera but also the Clerk's entry of default, *see* Docket No. 9, their motion for default judgment, *see* Docket No. 13, and their ex parte application to continue the case management conference because of the motion for default judgment. S*ee* Docket No. 15. In spite of this service, Mr. Barrera still has not responded to Plaintiffs' complaint or otherwise made an appearance in this Court. Moreover, prior to filing the complaint, counsel for Plaintiffs sent a letter to Mr. Barrera, advising him that he had infringed Plaintiffs' copyrights and providing him with contact information for Plaintiffs' representatives so that the matter could be

resolved before litigation commenced. *See* Kerr Decl. ¶ 8. Mr. Barrera failed to respond to that letter. *See id.* ¶ 9. Similarly, before Plaintiffs even moved for entry of default, they sent a letter to Mr. Barrera, informing him that he was in default and asking him to respond to the complaint or contact Plaintiffs about a settlement. *See id.* ¶ 12. Again, it appears that no response was given.

Finally, while policy favors judgments on the merits, should a defendant fail to answer or appear, a decision on the merits is "impractical, if not impossible." *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Accordingly, this factor, though it counsels against a default judgment, does not preclude such a judgment.

Considering all of the *Eitel* factors above, the Court finds that, on balance, they weigh in favor of granting Plaintiffs' motion for entry of default judgment. Accordingly, the Court recommends that Plaintiffs' motion for default judgment be granted.

C.      Damages and Injunctive Relief

Having concluded that a default judgment is appropriate, the Court now turns to the issue of damages and injunctive relief. Plaintiffs have the burden of proving up their damages. *See Board of Trustees of Pipe Trades Dist. Council No. 36 v. Drexal Power, Inc.*, No. C 04-0630 BZ, 2004 U.S. Dist. LEXIS 15657, at *5-6 (N.D. Cal. July 26, 2004).

1.      Statutory Damages

Plaintiffs argue first that they should be awarded statutory damages pursuant to 17 U.S.C. § 504(c)(1). Under this statute, a "copyright owner may elect, at any time before judgment is rendered, to recover, instead of actual damages and profits, any award of statutory damages for all infringements involved in the action, with respect to any one work . . . in the sum of not less than $750 or more than $30,000 as the court considers just."[1] 17 U.S.C. § 504(c)(1). Plaintiffs seek the minimum award of $750 for Mr. Barrera's infringement of each of the twelve copyrighted

---

[1] Where a plaintiff can establish willful infringement, a court may award as much as $150,000 in statutory damages. Where a defendant can establish innocent infringement, a court may reduce the statutory damages award to $ 200. *See* 17 U.S.C. § 504(c)(2). The allegations and evidence submitted by Plaintiffs are sufficient to establish willful infringement.

5

recordings listed in Exhibit A, attached to Plaintiffs' complaint.[2] The total statutory damages award requested is therefore $9,000 (*i.e.*, $750 x 12). The Court recommends that Plaintiffs be awarded this sum. These damages are reasonable and appropriate given the finding that at least twelve of the copyrighted recordings were illegally downloaded and distributed and the need to deter Mr. Barrera and others from violating Plaintiffs' rights in the future. *See, e.g.*, *Arista Records LLC v. Billops*, No. CIV S-06-0873 MCE EFB, 2007 U.S. Dist. LEXIS 10546, at *10 (E.D. Cal. Feb. 17, 2007) (recommending that plaintiffs be awarded the minimum statutory damages award of $750 for each act of infringement); *Warner Bros. Records, Inc. v. Malacara*, No. 1:06-cv-00630-OWW-SMS, 2007 U.S. Dist. LEXIS 13421, at *13 (E.D. Cal. Feb. 27, 2007) (same); *Warner Bros. Records, Inc. v. Brown*, No. C-06-0406 RMW (N.D. Cal. July 7, 2006) (ordering that plaintiffs be awarded the minimum statutory damages of $750 for each act of infringement); *Interscope Records v. Bloom*, No. C-05-2586 SI (N.D. Cal. May 26, 2006) (same); *Priority Records v. Marinaro*, No. C-05-1748 JSW (EMC) (N.D. Cal. Apr. 19, 2006) (same).

2.  Costs

Plaintiffs further argue that they should be awarded certain costs as part of the default judgment. Under 17 U.S.C. § 505, a court has discretion to award the recovery of full costs. Here, Plaintiffs ask only for costs associated with bringing the litigation, more specifically, the cost of filing fees ($350) and service of process fees ($70), for a total of $420. *See* Kerr Decl. ¶ 16. Because this is a reasonable request, the Court recommends that these costs be awarded.

3.  Injunctive Relief

Finally, Plaintiffs ask for injunctive relief to enjoin Mr. Barrera's wrongful conduct. Plaintiffs ask that the following injunction be issued:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e.,

---

[2] Plaintiffs apparently do not seek damages for any of the copyrighted recordings listed in Exhibit B.

6

> download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

*See* Compl. at 4.

The Copyright Act authorizes a court to grant an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). There are four factors that must be considered in determining whether an injunction should be issued: (1) irreparable harm; (2) success on the merits; (3) a balancing of competing claims of injury to the parties; and (4) consideration of the public interest. *See Sony Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999). "Injunctive relief is a traditional remedy for copyright infringement and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement. In such cases, a district court ought not only to issue a broad permanent injunction protecting present works, but can protect works not yet created." *Id.*

Based on the four factors above, the Court recommends that an injunction be issued. First, irreparable harm is presumed in copyright infringement cases based on a showing of success on the merits. *See Elektra Entm't Group, Inc. v. Bryant*, No. CV 03-6381GAF (JTLx), 2004 U.S. Dist. LEXIS 26700, at *17 (C.D. Cal. Feb. 13, 2004). Given the default on the merits, Plaintiffs have established success on the merits and, accordingly, irreparable harm is presumed. *See id.* at *17-18; *see also Priority Records LLC v. Rodriguez*, No. CV F 06-0484 AWI LJO, 2007 U.S. Dist. LEXIS 2231, at *16 (E.D. Cal. Jan. 11, 2007) ("[U]pon entry of default against a defendant, a plaintiff need not show irreparable harm in that default satisfies the element of success on the merits.").

Furthermore, there is sufficient evidence that Plaintiffs will suffer irreparable injury if Mr. Barrera is not enjoined. Mr. Barrera's infringement has consisted of using an online media distribution to illegally download copyrighted recordings and then distribute them to the public or make them available for distribution to others. This type of infringement subjects Plaintiffs to

"massive, repeated, and worldwide infringement" of their copyrighted recordings. *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1073 (D. Az. 2006). As explained by one court: "When digital works are distributed via the internet, . . . every downloader who receives one of the copyrighted works from Defendant is in turn capable of also transmitting perfect copies of the works. Accordingly, the process is potentially exponential rather than linear, threatening virtually unstoppable infringement of the copyright." *Id.*

Second, the Court cannot discern any harm to Mr. Barrera that would outweigh the harm to Plaintiffs if an injunction were issued. Indeed, there is no obvious injury if Mr. Barrera is only enjoined from unlawfully reproducing, distributing, or making available for distribution copyrighted recordings.

Finally, the public interest weighs in favor of an injunction. The public has an interest in ensuring that a party's intellectual property rights are protected. *See Autoskill Inc. v. National Educ. Support Sys., Inc.* 994 F. 2d 1476, 1499 (10th Cir. 1993) (explaining that "this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections"). Moreover, record piracy reportedly impacts the industry worldwide, and may prevent companies from taking a risk on records in the future " as piracy may keep record companies from reaping the financial awards ordinarily connected with risk-taking." *Sony Music Entm't*, 45 F. Supp. 2d at 1348.

Accordingly, the Court recommends that an injunction be issued; the only question remaining is whether the terms of the injunction proposed by Plaintiffs are appropriate. The Court finds that most of the terms are reasonable. For example, even though the injunction broadly seeks protection of not only existing copyrighted works but also future copyrighted works, courts have held that "[t]he weight of authority supports the extension of injunctive relief to future works." *Princeton Univ. Press v. Michigan Document Serv., Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1999). An injunction of this scope is especially appropriate in light of the particular nature of the infringement by Mr. Barrera, as described above. *Cf. Priority Records*, 2007 U.S. Dist. LEXIS 2231, at *20 (noting that, where "there has been a history of continuing infringement, and a significant threat of future infringement remains, a court 'is well within its equitable powers to enjoin infringement of

future registered works"). Similarly, even though the injunction broadly seeks protection of any of Plaintiffs' copyrighted works, and not just the copyrighted works identified in Plaintiffs' complaint, courts have also permitted such relief. *See, e.g.*, *Sony Music Entm't*, 45 F. Supp. 2d at 1347-48. *Cf. Pacific & Southern Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984) (noting that district court had the power to issue an injunction against infringement of works not yet created "because the statute provides for injunctions to prevent infringement of '*a* copyright' (emphasis added), not necessarily the registered copyright that gave rise to the infringement action").

The Court, however, finds that some of the proposed injunction's terms are overbroad.[3] First, Plaintiffs ask that the injunction bar Mr. Barrera from violating either federal *or* state law. However, in their complaint, Plaintiffs implicate only federal law. *See Malacara*, 2007 U.S. Dist. LEXIS 13421, at *20 (noting that "the sole subject of the complaint and this action is infringement of rights created by the Copyright Act, not any other federal or state law").

Second, the proposed injunction "would enjoin infringement not only of copyrighted sound recordings, but also of any sound recording owned or controlled by Plaintiffs; thus, it would include recordings that are not copyrighted. This exceeds the scope of infringement, which was limited to copyrighted works." *Id.*; *see also* Compl. ¶ 12 (alleging infringement of copyrighted recordings only); 17 U.S.C. § 502(a) (authorizing a court to issue an injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

Finally, in the proposed injunction, Mr. Barrera would be enjoined from infringement not only of recordings copyrighted by Plaintiffs, but also those recordings owned or controlled by any parent, subsidiary, or affiliate record label of Plaintiffs. "Such a provision does not give reasonable notice of what conduct would be included within the scope of the injunction because a reasonable person would not know what entities or operations constitute parents, subsidiaries, or affiliate record labels of infringement. This aspect of the injunction would also be unclear and would also exceed the scope of the infringement." *Warner Bros.*, 2007 U.S. Dist. LEXIS 13421, at *20.

---

[3] The Court acknowledges that other judges, both in and outside this District, have approved injunctions using the exact language proposed by Plaintiffs.

9

For the above-mentioned reasons, this Court recommends that a permanent injunction be issued which enjoins Mr. Barrera from violating federal law by unlawfully reproducing, distributing, or making available for distribution any present and future copyrighted recordings owned by Plaintiffs. The scope of the injunction may be expanded to include Plaintiffs parents, subsidiaries, or affiliates but only if Plaintiffs identify those entities and supply evidence establishing their relationship with Plaintiffs. If Plaintiffs decide to provide such evidence, they must do so within a week of the issuance of this report and recommendation. The undersigned shall evaluate the evidence and thereafter make a supplemental report and recommendation to the presiding district judge.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiffs' motion for default judgment be granted and that Plaintiffs be awarded $9,000 in statutory damages and $420 in costs. Additionally, injunctive relief as described above should be issued.

Dated: March 29, 2007

EDWARD M. CHEN
United States Magistrate Judge